UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DEIMAR GOMEZ BEOMONT,                                                    Petitioner,

v.                                                           Civil Action No. 4:26-cv-387-DJH

MARKWAYNE MULLIN, Secretary,
Department of Homeland Security et al.,                                   Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Deimar Gomez Beomont, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings. She alleges that her detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 15), and they have submitted briefing setting out their respective legal arguments (D.N. 17; D.N. 18). After careful consideration, the Court will grant Beomont's petition for the reasons explained below.

### I.

Beomont is a native and citizen of Venezuela. (D.N. 1, PageID.1 ¶ 2; *see* D.N. 17-1, PageID.21) She entered the United States without inspection on or about October 25, 2023, and was detained by immigration authorities. (D.N. 17-2, PageID.24) Beomont was placed in removal proceedings the next day via a Notice to Appear, which designated her as "an alien present in the United States who has not been admitted." (*Id.*) Beomont was eventually released on an order of recognizance.[1] (*See* D.N. 17-1, PageID.22) Prior to her recent detention, she lived in Chicago,

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025

1

Illinois, with her two children. (*See* D.N. 1, PageID.2 ¶ 3) On December 23, 2023, Beomont was indicted in Illinois court for burglary; a superseding indictment was issued the same day charging her with retail theft. (*See* D.N. 17-3, PageID.27; D.N. 17-4, PageID.28) A bench warrant was issued on February 28, 2024, following Beomont's failure to appear at her court dates. (*See* D.N. 17-1, PageID.23; D.N. 17-5, PageID.29) The charges remain pending. (*See* D.N. 17, PageID.16) On May 26, 2026, U.S. Immigration and Customs Enforcement (ICE) officers arrested Beomont as she was attending an immigration appointment. (*See* D.N. 17-1, PageID.22) Beomont "resisted arrest" (*id.*) and states that she was "beaten up by ICE officers." (D.N. 1, PageID.2 ¶ 8) ICE canceled her release on recognizance. (*See* D.N. 17-1, PageID.22) On June 9, 2026, Beomont withdrew without prejudice her motion for a bond hearing before an immigration judge. (*See* D.N. 19, PageID.35–36; D.N. 19-1, PageID.37) On July 29, 2026, an immigration judge ordered that Beomont be removed to Venezuela.[2] (*See* D.N. 22-1, PageID.44–45) She remains detained at the Grayson County Detention Center in Leitchfield, Kentucky. (D.N. 7, PageID.48 ¶ 3)

Beomont seeks a writ of habeas corpus against Department of Homeland Security Secretary Markwayne Mullin, the Chicago ICE Field Office Director, Grayson County Jailer Jason Woosley, and Acting U.S. Attorney General Todd Blanche. (*See* D.N. 1, PageID.4 ¶¶ 17–20; D.N. 15, PageID.12 ¶ 7) Beomont alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment. (*See id.*, PageID.15–17) Beomont seeks immediate release. (*See id.*, PageID.18) Respondents argue that

---

WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] The immigration judge's order states that Beomont has until August 28, 2026, to appeal the removal order to the Board of Immigration Appeals. (*See* D.N. 22-1, PageID.45) "[T]he decision of the Immigration Judge becomes final upon . . . expiration of the time to appeal [to the Board] if no appeal is taken." 8 C.F.R. § 1003.39. Because Beomont apparently has not yet appealed the immigration judge's decision (*see* D.N. 22, PageID.40), the removal order is not final.

Beomont is mandatorily detained under 8 U.S.C. § 1226(c) and that her detention does not violate due process.[3]  (*See* D.N. 17, PageID.17–20)

## II.

### A.    Immigration and Nationality Act

Beomont asserts that 8 U.S.C. § 1226(a) governs her detention.  (*See* D.N. 1, PageID.17) Respondents argue that 8 U.S.C. § 1226(c) requires Beomont's detention due to the pending burglary and theft charges.  (*See* D.N. 17, PageID.17–18)  In reply, Beomont contends that recent changes to § 1226(c) do not apply retroactively to the charges against her.   (*See* D.N. 18, PageID.32–33)

> Section 1226(c) provides in relevant part:
>
> The Attorney General shall take into custody any alien who—
> . . . .
> is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
> is charged with . . . burglary [or] theft.

8 U.S.C. § 1226(c)(E)(i)–(ii).  This provision was added in 2025 by the Laken Riley Act to create a new category of noncitizens subject to mandatory detention pending removal proceedings.  *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 783 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026).  "[C]ourts generally presume that 'legislation . . . is not to be applied retroactively' unless the legislature clearly requires otherwise."  *Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012) (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)).  "Multiple district courts have determined that § 1226(c)(1)(E) does not apply retroactively to arrests and convictions [that

---

[3] Respondents do not contest that the Court has jurisdiction to review Beomont's petition (*see generally* D.N. 17). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Beomont must exhaust administrative remedies.  (*See generally* D.N. 17)  Therefore, the Court will not address those issues.

occurred] prior to the passage of the [Laken Riley] Act." *Lopez Lopez v. Warden*, No. 1:26-cv-03556-DAD-CKD (HC), 2026 WL 1346694, at *2 (E.D. Cal. May 14, 2026) (collecting cases); *see also, e.g.*, *Matute v. Jamison*, No. 2:25-cv-07093, 2026 WL 461557, at *5 (E.D. Pa. Feb. 18, 2026) ("[T]he text of the [Act] does not evince any intent on the part of Congress for its retroactive application."); *id.* at *5–6 (analyzing the Act's text and considering it under Supreme Court precedent to conclude that it does not apply retroactively).

Here, Beomont was charged with burglary and theft in 2023 before the Laken Riley Act was passed. (*See* D.N. 17-3, PageID.27; D.N. 17-4, PageID.28)  Therefore, 8 U.S.C. § 1226(c) does not apply retroactively to authorize her detention. *See Lopez Lopez*, 2026 WL 1346694, at *2; *Matute*, 2026 WL 461557, at *5.  Instead, Beomont is detained under § 1226(a), which permits noncitizens' release on bond "pending a decision on whether [they are] to be removed from the United States."  8 U.S.C. § 1226(a); *see Lopez-Campos v. Raycraft*, 175 F.4th 713, 721–32 (6th Cir. 2026) (affirming that "noncitizen[s] detained within the interior of the United States who never affirmatively applied for admission" are subject to § 1226(a), not § 1225(b)(2)(A)); *see also id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).  Beomont is thus entitled to a bond hearing.  *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

4

**B.      Due Process**

Beomont's detention without a bond hearing violates due process. *See id.* Because she has not received a bond hearing (*see* D.N. 19-1, PageID.37), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering petitioner's release and that respondents not re-detain petitioner "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with these decisions, the Court concludes that Beomont's detention without a bond hearing violates due process and will order her immediate release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Beomont's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Beomont and shall not re-detain her without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in

accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's

Order by a filing on the docket no later than **August 5, 2026**.

(2)      Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 3, 2026

**David J. Hale, Chief Judge**
**United States District Court**